# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PICKARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HTAY, et al.,<br><br>　　　　Defendants. | **Case No. 1:18-cv-00450-AWI-JLT (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE THIS ACTION**<br><br>**(Docs. 3, 14)**<br><br>**21-DAY DEADLINE** |

  On March 13, 2019, the Court ordered Plaintiff to submit service documents and USM-285 Forms for service on Defendants within twenty-one days. (Doc. 14.) On March 25, 2019, this order was returned marked as "Undeliverable, Not in Custody." Previously, on March 11, 2019, the Court issued an order (Doc. 13) dismissing noncognizable claims and directing which claims this action would proceed on, which was likewise returned on March 18, 2019. Plaintiff has failed to update his address of record in this action, to submit the requisite documents for service of the Complaint on Defendants, or otherwise respond to the Court's March 13, 2019 order.

  The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Further, Plaintiff was informed in the First Informational Order that Local Rule 182(f) requires him to keep the Court informed of his correct, current address. (Doc. 3.)

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** of the date of service of this order why the action should not be dismissed for both his failure to comply with the Court's March 13, 2019 order and to keep his address in this action updated; alternatively, within that same time, Plaintiff may submit the documents for service on Defendants, or file a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: **April 22, 2019**   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE