# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PICKARD,<br><br>    Plaintiff,<br><br>    v.<br><br>HTAY, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00450-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE**<br><br>(Doc. 14, 15)<br><br>21-DAY DEADLINE |

       On November 13, 2018, the Court issued the first screening order and found the complaint stated some cognizable claims. (Doc. 11.) The Court also found that most of Plaintiff's claims were not cognizable and gave Plaintiff the choice to proceed on the cognizable claims, or to file an amended complaint curing identified defects. (*Id*.) Plaintiff failed to respond, which resulted in the Court issuing findings and recommendations that the matter proceed on the cognizable claims, and all other claims be dismissed. (Doc. 12.) Once again, Plaintiff did not respond, and the Court adopted the recommendations in full. (Doc. 13.) The Court ordered Plaintiff to submit documents for service via the United States Marshalls (Doc. 14), but he failed to do so. Thus, the Court ordered Plaintiff to show cause why this action should not be dismissed for his failure to comply with the Court's order and to prosecute this action. (Doc. 15.) Despite lapse of more than the allowed time, Plaintiff has not responded.

       The Court notes that, despite Plaintiff filing a notice of change address back in September

of 2018 (Doc. 10), all orders that subsequently issued, except for the OSC, have been returned by the United States Postal Service, noting that they are "undeliverable," "return to sender," as Plaintiff is "not in custody."[1]

A *pro se* plaintiff must keep the Court and opposing parties informed of the party's correct address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. *Id.* If mail directed to a *pro se* plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be served a second time absent a notice of change of address. If a *pro se* plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute. Local Rule 183(b).

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff has abandoned this action. Whether Plaintiff did so mistakenly, or intentionally after being released from custody is inconsequential. It is Plaintiff's responsibility as the party initiating this action to comply with the Court's Local Rules which require Plaintiff to keep his address of record updated. The Court declines to expend its limited resources on a case

---

[1] *See* Doc. entries on 11/27/2018, 03/18/2019, and 03/25/2019.

2

that Plaintiff has chosen to ignore.

Accordingly, the Court **RECOMMENDS** this action be dismissed, based on Plaintiff's failure to prosecute and comply with the Local Rules by keeping his address of record updated. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __May 22, 2019__         ___/s/ Jennifer L. Thurston___
                     UNITED STATES MAGISTRATE JUDGE